## FIRST DEPARTMENT, JUNE, 1957

### (June 4, 1957)

■ PAUL CONDILES, Respondent, v. OTIS ELEVATOR COMPANY, Respondent, and HAROLD B. URIS et al., Individually and Doing Business under the Name of URIS BROS., Appellants.

MCNALLY, J. (dissenting). Plaintiff's contributory negligence requires a reversal of the judgment and a new trial. He testified that he knew that if the elevator continued upwards, the planks would eventually come into contact with the counterweight which was coming down. He also stated that he

knew this contact would probably occur approximately half way up the shaft. His testimony on this point is clear and he admitted that he knew if the upward movement of the elevator continued, there would be an accident. Yet, despite this knowledge, he started the car on three separate occasions, although on each start the car moved further upward. In effect, the plaintiff, by his own testimony, was inviting the happening of the accident about which he now complains.

The testimony of Mr. Rothenstein, the assistant construction superintendent, offered by the plaintiff, was at variance with the plaintiff's in that he, being a passenger in the car, stated there were not three separate starts but rather that the car moved upward to the point of contact without any intervening stop. Even if Mr. Rothenstein's testimony is accepted in this regard, it would still appear that the finding, the plaintiff was free from contributory negligence, was against the weight of the credible evidence. As a reasonably prudent man, knowing that an accident would occur if the elevator continued upward, plaintiff should and could have stopped the car by use of the emergency switch, with the use of which he was familiar.

That the issue of plaintiff's contributory negligence concerned the jury is made apparent at folio 880, when the jury asked the following question: "'Please clarify this point: If Condiles was partly responsible or in part contributed to the accident, is he entitled to any monetary award?' Signed, 'The Foreman.'"

In the light of the above circumstances, it appears to me that the finding of the jury on the question of plaintiff's contributory negligence was against the weight of the credible evidence and I vote to reverse and order a new trial.

Breitel, J. P., Rabin and Frank, JJ., concur in decision; McNally, J., dissents and votes to reverse and grant a new trial in opinion in which Valente, J., concurs.

Judgment, so far as appealed from, affirmed, with costs.